UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZEYAD ABUSIRYEH,

    Plaintiff,

v.                                                        CASE NO. 8:23-cv-1355-SDM-TGW

OFFICER DEEN, et al.,

    Defendants.
_____/

**O R D E R**

    Abusiryeh's complaint alleges that the defendants violated his civil rights by failing to return his seized personal property. Abusiryeh neither moved for leave to proceed *in forma pauperis* nor paid the full $402 filing fee. Nevertheless, under either 28 U.S.C. § 1915(e) (if proceeding *in forma pauperis*) or 28 U.S.C. § 1915A (if the full filing fee is paid), the Prisoner Litigation Reform Act requires a district court both to review the complaint and to dismiss the complaint if frivolous or malicious or for failing to state a claim upon "which relief may be granted." Although the complaint is entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), this *pro se* complaint lacks merit under this standard.

    Abusiryeh alleges that on March 9, 2023, while imprisoned in the Avon Park Correctional Institution, a corrections captain ordered him to take his three bags of personal property to the officer's station. Abusiryeh complied, but when he later

retrieved his property, he "came away with only 2 bags of my property." (Doc. 1 at 5) Abusiryeh alleges that the missing bag contained $260 worth of personal hygiene, clothing, and items purchased from the prison canteen. Abusiryeh's requested relief is $260 as the value of the items "stolen."

Abusiryeh asserts neither an Eighth Amendment claim nor a Fourteenth Amendment due process claim because the state provides a remedy — a small-claims action in county court — for addressing the alleged destruction of his personal property. *Parratt v. Taylor*, 451 U.S. 527, 543–44 (1981), teaches that a post-deprivation remedy satisfies the requirements of due process:

> Although he has been deprived of property under color of state law, the deprivation did not occur as a result of some established state procedure. Indeed, the deprivation occurred as a result of the unauthorized failure of agents of the State to follow established state procedure. There is no contention that the procedures themselves are inadequate nor is there any contention that it was practicable for the State to provide a pre-deprivation hearing. Moreover, the State of Nebraska has provided respondent with the means by which he can receive redress for the deprivation. The State provides a remedy to persons who believe they have suffered a tortious loss at the hands of the State. See Neb. Rev. Stat. § 81-8,209 *et seq.* (1976). Through this tort claims procedure the State hears and pays claims of prisoners housed in its penal institutions. . . . Although the state remedies may not provide the respondent with all the relief which may have been available if he could have proceeded under § 1983, that does not mean that the state remedies are not adequate to satisfy the requirements of due process. The remedies provided could have fully compensated the respondent for the property loss he suffered, and we hold that they are sufficient to satisfy the requirements of due process.

Consequently, Abusiryeh fails to state a claim that he can pursue in a civil rights action in federal court.

As shown above, Abusiryeh fails to state a claim on which relief can be granted. Amendment of the action would prove futile because Abusiryeh can state no valid Section 1983 claim for relief. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.").

The civil rights complaint (Doc. 1) is **DISMISSED** under 28 U.S.C. § 1915(e) for failing to state a claim on which relief may be granted. The clerk must enter a judgment of dismissal against Abusiryeh and **CLOSE** this case.

ORDERED in Tampa, Florida, on June 23, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE